SUPPRESSED

FILED
APR 21 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No.  4:21CR00259 RLW/SRW |
| XAVIER BROWN, | ) |
| Defendant. | ) |

GREGORY J. LINHARES, CLERK
A TRUE COPY OF THE ORIGINAL
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: _____
DEPUTY CLERK

**INDICTMENT**

The Grand Jury charges:

**COUNTS 1-4**
**[WIRE FRAUD: 18 U.S.C. § 1343]**

**INTRODUCTION**

1. From at least as early as April of 2017 through in or about March 2021, defendant **XAVIER BROWN** ("Brown") devised and intended to devise a scheme to defraud The Home Depot and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

2. The Home Depot is the largest home improvement retailer in the United States. The company is headquartered in unincorporated Cobb County, Georgia.

3. The Home Depot offers two kinds of refunds for returned merchandise: receipted and non-receipted. Receipted refunds occur when customers present a receipt for the purchase of merchandise and funds are issued back to the customer's original form of payment. Non-receipted refunds occur when customers are unable to present a receipt for the purchase of merchandise and,

instead of having the purchase price refunded, are issued a Home Depot store credit in the amount of the original purchase price.

4. The Home Depot uses a database called "Tandem" to process all sales transactions, including merchandise returns. Tandem is a database that enables users to query specific sales transaction data, including sale refunds, payment method, dates, transaction identification, customer identification, store credits and gift cards.

5. A customer returning non-receipted merchandise must provide some form of photo identification to have the return processed. The Home Depot accepts State identification, driver's license, military identification, and passports as a form of identification. The Home Depot sales associates are required to enter a unique identifier from the photo identification in to Tandem to track the return of non-receipted merchandise.

6. The Home Depot issues store credit on a The Home Depot credit card, more commonly referred to as a "gift card." The gift cards can only be used for purchasing The Home Depot merchandise and can be used at any location.

7. The Home Depot gift card only has value when it is loaded electronically with funds by a sales associate. A wire transfer occurs when funds are added to a The Home Depot gift card.

8. The Home Depot gift card contains a bar-code and three series of numbers on the back of the card. The Home Depot can track the gift cards from issuance to redemption through Tandem.

9. All wire transfers to add funds to The Home Depot gift cards reside in a data center in Austin, Texas. The data is replicated in near-real time to a datacenter in Atlanta, Georgia.

## MANNER AND MEANS

10. It was part of the scheme that Brown stole merchandise from numerous The Home Depot store locations.

11. It was part of the scheme that Brown returned stolen merchandise to The Home Depot in numerous non-receipted return transactions.

12. It was part of the scheme that Brown personally made more than 2,000 separate non-receipted returns to The Home Depot.

13. It was further part of the scheme that Brown completed multiple sets of returns at different stores on different dates in 28 different states.

14. It was further part of the scheme that Brown presented more than 1,900 different temporary driver's license identifications to conduct the non-receipted returns to evade the fraud prevention functions of the Tandem database. Brown presented temporary drivers licenses reflecting his true name, but false driver license numbers, to avoid detection by The Home Depot fraud systems, which prevent the processing of multiple returns affiliated with the same unique identification number.

15. It was further part of the scheme that Brown returned stolen merchandise to fraudulently obtain store credits at The Home Depot branches located in the Eastern District of Missouri.

16. It was further part of the scheme that Brown returned over $595,328 in stolen merchandise to The Home Depot locations without a receipt.

17. It was further part of the scheme that Brown received approximately $62,824 in store credit in the Eastern District of Missouri as a result of non-receipted returns of stolen merchandise.

## THE OFFENSE CONDUCT

18. On or about each of the dates set forth below, in the Eastern District of Missouri and elsewhere, the defendant,

### XAVIER BROWN,

for the purpose of executing the scheme described above, and attempting to do so, completed the following non-receipted returns of merchandise from The Home Depot, each time using a false driver's license number, as described below, and thus caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | Transaction ID ending in | AMOUNT |
|---|---|---|---|
| 1 | March 28, 2020 | 22999 | $319.16 |
| 2 | March 28, 2020 | 62765 | $352.87 |
| 3 | March 28, 2020 | 62799 | $358.93 |
| 4 | March 28, 2020 | 62831 | $162.00 |

All in violation of Title 18, United States Code, Section 1343.

### COUNT 5
### [Unauthorized Use of Counterfeit Access Devise: 18 U.S.C. § 1029(a)(1)]

From at least as early as April of 2017 through in or about March of 2021, in the Eastern District of Missouri, and elsewhere, the defendant,

### XAVIER BROWN,

knowingly and with the intent to defraud, used counterfeit access devices, to wit: fraudulent Missouri Temporary Drivers' Licenses to perform non-receipted returns and receive store credits via gift cards from The Home Depot, said use affecting interstate commerce, in that the defendant's

4

fraudulent conduct caused the transmission of interstate wires by a retailer engaged in interstate commerce.

In violation of Title 18, United States Code, Section 1029(a)(1).

### FORFEITURE ALLEGATION

1. The allegations contained in Counts 1-5 of this Indictment are hereby realleged and incorporated by

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Counts 1-5 of this Indictment, the defendant, **XAVIER BROWN**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2) to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation.

3. If any of the property described above, as a result of any act or omission of the defendant[s]:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(2) and 28 U.S.C. § 2461(c).

Dated: 4-21-21

A TRUE BILL.

FOREPERSON

SAYLER A. FLEMING
United States Attorney

LINDA LANE, # 00114511A
Assistant United States Attorney