UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21 CR 259 RLW (SRW) ) |
| XAVIER BROWN, | ) ) |
| Defendant. | ) |

### ORDER CONCERNING SELF-REPRESENTATION

Mr. Brown is charged with four counts of wire fraud and one count of unauthorized use of a counterfeit access device. The Court appointed the Federal Public Defender's Office to represent Mr. Brown on April 28, 2021. Assistant Federal Public Defender Kevin Gau entered his appearance for Mr. Brown. On July 30, Mr. Gau filed a motion requesting a status hearing, noting he received repeated requests from Mr. Brown asking that counsel withdraw from the case so that Mr. Brown may represent himself. (ECF No. 24).

On August 4, the Court held a status hearing, and Mr. Gau made an oral motion to withdraw. Mr. Brown requested additional time to hire an attorney. The Court took the motion to withdraw under submission and gave Mr. Brown until August 13 to report to the Court on his efforts to hire counsel. On August 13, Mr. Brown failed to appear due to some confusion over the time of the hearing. Mr. Brown was reached by telephone, and the matter was rescheduled for August 17.

On August 17, Mr. Brown clearly did not want Mr. Gau to represent him any further, and the Court granted Mr. Gau's motion for the Federal Public Defender's Office to withdraw. The Court offered to appoint counsel to Mr. Brown from the CJA Panel; however, Mr. Brown

objected and requested additional time to hire counsel. The Court granted Mr. Brown an additional 30 days to retain counsel. During the next 30 days, Mr. Brown filed numerous *pro se* letters, notices and motions. (ECF Nos. 36-39, 43-58). No counsel entered their appearance for Mr. Brown. The Court stayed briefing on these matters until the issue of Mr. Brown's representation was resolved. (ECF No. 40).

On September 16, the Court held a status conference regarding Mr. Brown's efforts to hire counsel. Mr. Brown advised the Court that he did not need the assistance of counsel, he again objected to the appointment of CJA counsel, he stated he was not waiving his right to counsel, and he was not appearing *pro se*. Given the contradictory nature of Mr. Brown's responses, the Court gave Mr. Brown two weeks to consider his decision regarding his right to be represented by counsel.

On October 1, Mr. Brown appeared without counsel. The Court advised Mr. Brown of his right to the assistance of counsel and his right to have counsel appointed to represent him at no costs to Mr. Brown. Mr. Brown repeatedly objected to the appointment of counsel and stated he could represent himself.

The Court conducted an inquiry consistent with *Faretta v. California*, 422 U.S. 806, 821 (1975). The Court determined Mr. Brown was competent and advised him of the charges against him. Mr. Brown stated he did not understand the charges against him. When asked if he had any questions about these charges, Mr. Brown simply objected. The Court explained the possible penalties he faced if convicted. Mr. Brown objected and stated he did not understand. When asked if he had any questions regarding the potential penalties, Mr. Brown objected and stated he did not consent to the hearing. The Court asked again if he had any questions regarding the nature of the charges or the potential penalties. Mr. Brown objected.

The Court advised Mr. Brown he should have the assistance of a lawyer who is

2

knowledgeable about the law, the Federal Rules of Evidence, the Federal Rules of Criminal Procedure and the Sentencing Guidelines. The Court further advised Mr. Brown that, even if he had counsel, he would ultimately be the one who would decide whether to go to trial or plead guilty. He alone would decide whether to testify at any such trial. He would decide if he should offer a lesser included offense to the jury, and he would decide if he wanted to file an appeal when the case is over.

    The Court advised Mr. Brown of the extreme risk he was taking by representing himself. The Court advised Mr. Brown that it is not considered a good idea to represent himself since there are many dangers and disadvantages in self-representation. He was advised that the use of counsel is a much better alternative than self-representation in dealing with the charges against him. He was again advised that if he was unable to afford counsel, one would be appointed for him at no cost to him.

    Mr. Brown was advised that an attorney knows how to prepare a case for trial. Despite thorough preparation, unexpected events may arise which require an instant response to protect a defendant's rights. An experienced attorney will have seen many of these situations before in his or her career. However, this would all be new to Mr. Brown. He was advised that there are subtle distinctions between making persuasive arguments to a judge and to a jury. An experienced attorney will be familiar with these distinctions. An experienced attorney will know how to select a jury. An experienced attorney will know how to write jury instructions which will be given to the jury before they deliberate on his case. An experienced attorney will know how to preserve issues if his case is appealed to a higher court. Most importantly, an experienced attorney will be able to plan strategies and tactics in his case objectively. An attorney will not be too close to the case and, therefore, his or her emotions will not get in the way of defending the case effectively. Mr. Brown provided no responses to any of these

matters, and at various points, he asserted his rights under the Fifth Amendment. The Court asked Mr. Brown if he still wished to represent himself, and he stated he did not need an attorney and could handle his own affairs.

Since Mr. Brown again indicated his decision to represent himself, the Court attempted to determine whether he fully understood his choice, that he fully knew what he was doing, and that he was making his choice with his eyes fully open to all the dangers and disadvantages attached to self-representation.

The Court advised Mr. Brown if he represented himself, he would be on his own, and the Court could not tell him how to try his case, advise him as to how to try his case, or help him in any way. He was asked if he ever studied law, or if he ever represented himself in a criminal action. The Court asked if he was familiar with the Federal Rules of Evidence, if he realized the Federal Rules of Evidence govern the evidence which may or may not be introduced at trial, and while representing himself, he must abide by these rules. He was asked if he was familiar with the Federal Rules of Criminal Procedure, if he knew those rules govern the way in which criminal cases proceed in federal court, and if he represented himself, he would be expected to abide by those rules. He was advised these rules sometimes require the appropriate action be taken at the right time, or he could waive or forfeit his ability to later challenge various matters in this case. The Court advised him someone acting without a lawyer will be subject to the same rules of evidence and the same rules of criminal procedure as the lawyer who is trained in these rules, and no special consideration would be made for someone who does not have a lawyer.

The Court also asked if he was familiar with the Federal Sentencing Guidelines. He was advised those guidelines advise the sentencing court in determining what is the appropriate sentence for a person convicted of a crime in federal court. The Court noted these guidelines are

very complex, and if he represented himself, he would be expected to argue the proper Sentencing Guidelines at sentencing. He was asked if he ever worked with the Federal Sentencing Guidelines in the past. Mr. Brown objected or did not answer with respect to all of these matters.

The Court advised Mr. Brown, that in the Court's opinion, he would be better off being defended by a trained lawyer rather than defending himself. The Court advised it is unwise to try to represent himself as he was not familiar with the law governing this case, the rules of evidence, the rules of criminal procedure, or the sentencing guidelines. The Court advised he was making a very big mistake trying to defend himself without the assistance of counsel. The Court strongly urged him not to try to represent himself.

The Court asked Mr. Brown, after he was advised of the penalties he might suffer if found guilty, and all the disadvantages of representing himself, whether he still wanted to give up his constitutional right to the assistance of counsel and represent himself. Mr. Brown objected and did not answer. He was asked if his decision was entirely voluntary on his part. He again objected and did not answer.

In *United States v. Sanchez-Garcia*, the defendant was represented by retained counsel; however, his attorney was granted leave to withdraw due to a conflict of interest. 685 F.3d 745, 750 (8th Cir. 2012). The court instructed the defendant to hire new counsel, but he stated he could not afford counsel. The court offered to appoint counsel, and the defendant stated he would not request counsel because he had paid for an attorney. The court asked the defendant if he wanted an appointed attorney or wanted to represent himself. The defendant refused to answer. A short time later the parties appeared at the pretrial conference. The court again asked if he wanted appointed counsel, and the defendant refused to answer. The court explained the difficulty in proceeding *pro se* and the penalties he faced. The court again asked if he still

5

wanted to represent himself, and the defendant stated he never asked to represent himself. The court again asked if he wanted appointed counsel, and the defendant said no. The court asked if he was waiving his right to counsel, and he said no. The defendant refused to choose between accepting appointed counsel or proceeding *pro se*. The court appointed standby counsel and, before the trial began, offered to appoint the standby counsel to represent him during the trial. The defendant refused to answer. *Id.*

The defendant lost the trial and on appeal argued his right to counsel was violated. The Eight Circuit held:

> [The defendant] rejected the court's pretrial offers to appoint counsel for him, despite the presence of standby counsel who could have been appointed. Although [the defendant] did assert that he was not representing himself, we conclude that by repeatedly rejecting all options except self-representation, after having been warned of the consequences, [the defendant] "necessarily chose self-representation." *See King v. Bobby,* 433 F.3d 483, 492 (6th Cir. 2006). The district court's rulings thus did not violate [his] rights under the Sixth Amendment.

685 F.3d at 752.

Notwithstanding Mr. Brown's numerous objections and refusals to answer many questions, the Court found Mr. Brown waived his right to the assistance of counsel. The Court found Mr. Brown was competent, had been advised of the nature of the charges against him, the possible penalties he faced, and the dangers and disadvantages of self-representation. The Court also found his waiver of the right to the assistance of counsel was not untimely or for purposes of delay. His refusal to accept the appointment of counsel had been unequivocal. He made a knowing and intelligent decision to waive his right to the assistance of counsel and chose to represent himself *pro se*. Therefore, Mr. Brown is now representing himself in this case.

The Court advised Mr. Brown his right to represent himself was not unqualified. He could lose his right to represent himself if, for example, he misbehaved or disrupted the court

6

proceedings. The Court asked Mr. Brown if he had any questions regarding his right to be represented by counsel, and Mr. Brown objected.

The Court is appointing standby counsel from the CJA Panel to protect the Court's interest in fair and orderly proceedings. The Court's appointment of standby counsel is to aid Mr. Brown if, and when, he requests help, and to be available to represent Mr. Brown in the event termination of his self-representation is necessary. Standby counsel will relieve the Court of the need to explain and enforce basic rules of courtroom protocol or to assist Mr. Brown in overcoming routine obstacles that stand in the way of his achieving his own clearly indicated goals.

The Court advised that pretrial motions are currently due on October 8. The Court asked Mr. Brown if he wanted additional time to file pretrial motions, and Mr. Brown objected. Therefore, the Court left October 8 as the deadline for filing pretrial motions and ordered any responses to be filed by October 22.

Accordingly,

**IT IS HEREBY ORDERED** that Mr. Brown's request to proceed *pro se* is **GRANTED.**

**IT IS FURTHER ORDERED** that Mr. Andrew Sottile is appointed only as standby counsel for Mr. Brown.

**IT IS FURTHER ORDERED** that not later than **October 8, 2021**, Mr. Brown must file any and all pretrial motions in this matter. The Government may have until **October 22, 2021**, to file any responses to Mr. Brown's pretrial motions.

**IT IS FURTHER ORDERED** that, no extensions of time will be granted except for good cause shown and made upon written motion, filed before the expiration of the deadline.

Failure to comply with the deadlines herein will be considered a waiver of the right to raise any untimely motions, as set out in Fed. R. Crim. P. 12(c)(3).

**IT IS FURTHER ORDERED** that, any hearings necessitated by any pretrial motions will be set at a later date.

**IT IS FURTHER ORDERED** that, any motion to suppress shall set forth, with particularity, the item or items of evidence to which the motion is addressed, and shall set forth specific factual details to support any claim that such evidence was unlawfully obtained. Any motion to suppress not containing such specific information or any motion cast in conclusory or conjectural terms will not be heard or considered by the Court. Each motion to suppress must also include a memorandum of law setting forth the specific legal ground upon which it is contended that any such item of evidenced was unlawfully obtained, with citations to authority.

**IT IS FURTHER ORDERED** that, any motion with respect to the sufficiency of an indictment or information, including any motion to dismiss, shall set forth specific factual details to support the motion. Any motion with respect to the sufficiency of an indictment or information that is cast in conclusory or conjectural terms will not be heard or considered by the Court. Any such motion must also include a memorandum of law setting forth the specific legal grounds supporting the motion.

**IT IS FURTHER ORDERED** that the trial of this matter will be set following the conclusion of pretrial proceedings.

**IT IS FINALLY ORDERED** that a copy of this Order shall be mailed to Mr. Brown.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of October, 2021.