UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:21  CR 00259-RLW |
| ) | |
| ) | |
| **XAVIER BROWN** ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR DOWNWARD VARIANCE PURSUANT TO 18 U.S.C 3553(a) AND SENTENCING MEMORANDUM**

COMES NOW the Defendant, and in support of his Motion states as follows:

A variance is warranted in this case after consideration of all the factors enumerated in 18 U.S.C. 3553(a). First, the nature and circumstances of the offense the history and characteristics of Defendant may warrant a variance See 18 U.S.C. § 3553(a)(1). The defendant grew up in an abusive environment. Defendant's father and stepfather were abusive both physically and mentally.  Additionally, both his father and stepfather used drugs in front of Xavier in what could be called a dysfunctional family setting. Second, any leniency for Defendant will certainly still reflect the seriousness of  the offense (18 U.S.C. §3553(a)(2)(A); still deter other potential defendants from this type of conduct (18U.S.C. §3553(a)(2)(B)) and protect the public (18 U.S.C. §3553(a)(2)(C)) in that it is clear that even with some leniency from the Court, Defendant will still realize consequences for his actions.  Counsel requests that the Court sentence the defendant to a sentence of 55 months.

Variances do differ from departures. United States v. Haileselassie, No. 18-1343, June 10 (8th Cir. 2019) citing United States v. Chase, 560 F. 3d 828, 830 (8th Cir. 2009). Factors ordinarily considered irrelevant in calculating the advisory Guideline range, or in determining

1

whether a guideline departure is warranted, can be relevant in deciding to grant a variance. United States v. Chase, 560 F.3d 828, 830 (8th Cir. 2009).

In fashioning a "sentence sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), "district courts are not only permitted, but required to consider the history and characteristics of the defendant." United States v. White, 506 F3d. 644 (8th Cir. 2007)(quoting 18 U.S.C 3553(a)(1). Consequently, factors such as defendant's age, medical condition, prior military service, family obligations, etc. can form the basis for a variance even though they would not justify a departure. Id. (citing United States v. Ryder, 414 F.3d 908, 920 (8th Cir, 2005). In addition, factors that have already been taken into account in calculating the advisory guideline range can form the basis for a variance United States v. Chase, 560 F.3d 828, 830 (8th Cir. 2009)

In Chase, the Eighth Circuit stated that Chase's advanced age, prior military service, health issues and employment history were all factual issues that would warrant a downward variance without running afoul of statutory factors under 3553(a). Id. In addition, Chase's lack of criminal history, even though taken into account in calculating his advisory guideline range, could nevertheless have formed the basis for a variance. Id.

The defendant grew up in tumultuous, dysfunctional household. The defendant's father was only present in the household for the first six years of defendant's life. Unfortunately, when his father was present, he physically abused Xavier's mother, Xavier and his siblings. His father would hit and punch his mother on many occasions. Xavier was a witness to this violence. Eventually his father moved out and from that point on Xavier had no contact with his father. The defendant's mother did remarry. Again, like with his father, Xavier's stepfather was abusive towards his mother and the rest of the family. When Xavier was around 13 years old his stepfather hit him on the head with a pistol. Xavier's stepfather was married to his mother for 14 years. Xavier was exposed to the criminal element and lifestyle at a young age. When Xavier was around 10 years old his stepfather would have Xavier act as a lookout when his stepfather

would steal items from retail stores. This was a frequent occurrence which carried over to when Xavier was in his teens. Xavier never had a healthy relationship with either his father or stepfather. Xavier never experienced a positive relationship with an adult male when growing up.

Xavier grew up in the Cochran Housing Projects in St. Louis. He witnessed shootings and even saw people die in the streets. Xavier also witnessed drug dealing at the housing project on a daily basis as a child. Additionally, the family was homeless on several occasions when Xavier was in his preteens. In view of the above factors listed under 18 U.S.C. §3553(a) the defendant asks the Court to consider this downward variance.

Upon completion of his sentence Xavier is able to live with his mother, Virginia Brown, who resides in St. Louis.  Xavier Brown would seek employment by rehabbing houses and refurbishing pallets. The defendant did not participate in the interview process for the Pre-Sentence Report. Counsel was able to speak with defendant's mother and brother to verify the information supplied in this sentencing memorandum.

WHEREFORE, for the reasons stated herein, counsel respectfully requests the Court sentence the defendant to a sentence of 55 months.

Respectfully submitted,

Andrew J. Sottile

/s/ Andrew J. Sottile Bar # 44511

225 S. Meramec, Suite 1100
Clayton, MO 63105
(314) 241-2099/ Facsimile (314) 269-1042
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September 2022, the foregoing document was filed electronically with the Clerk of the Court to be served by operation of Court's electronic filing system.

/s/ Andrew J. Sottile Bar #