UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:21 CR 259 RLW |
| v. | ) | |
| | ) | |
| XAVIER BROWN a/k/a "Xaiviar" Brown,, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM**

COMES NOW the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Linda Lane, Assistant United States Attorney for said District, and regarding sentencing, states as follows:

Defendant was found guilty by jury trial of four counts of wire fraud and one count of unauthorized use of counterfeit access devices. The Final Presentence Investigation Report (PSR) has correctly assessed a total offense level of 27 and a criminal history score of four which establishes a criminal history category of III. Thus, the guideline range of punishment is 87 to 108 months. The government has no objection to the Final Presentence Investigation Report and will not offer any evidence regarding the application of the sentencing guidelines. The defendant has filed a Motion for a Downward Variance pursuant to 18 U.S.C. 3553(a). (Doc. 199).  The government requests that the court deny the defendant's Motion for a Downward Variance and sentence the defendant within the applicable guideline range of 87 to 108 months. Such as sentence is sufficient but not greater than necessary to comply with the statutory purposes of Title 18, United States Code, Section 3553(a).

The history and characteristics of the defendant as well as the nature and circumstances of the offenses warrant a sentence of imprisonment within the applicable sentencing guidelines. Defendant is forty-six (46) years old. Defendant obtained his GED in 1996 and possesses a valid operator's license. The defendant's extensive criminal history includes a felony conviction for attempted robbery first degree in St. Louis County, Missouri. This violent offense occurred on June 10, 1993, when Defendant entered a pet store and utilized a stun gun to incapacitate the victim.  After the victim regained her bearings, he pushed the victim to the ground causing her to strike her head and again utilized the stun gun to incapacitate her. For his failed attempt to steal money from the cash register by use of a weapon the defendant was sentenced to 10 years in prison. It appears that after his release in 2003 the defendant went several years without incurring any new convictions. However, in  2017 he was convicted of felony theft of property over $500 in Williamson County, Tennessee.  The case involved the commission of a theft from the retail store Lowe's by the defendant on October 4, 2016.  For this offense he received a term of probation that began on March 3, 2017 and was completed on March 3, 2019. While under the supervision of the Missouri Board of Probation and Parole the PSR indicates that he did not incur any violations. However, he in fact committed hundreds if not thousands of thefts from The Home Depot while under supervision as proven in the case at bar. Defendant has a 2021 conviction for theft fifth degree in Franklin County, Ohio.  This case involved the scheme conducted in this case to steal from The Home Depot. The defendant's history and characteristics do not warrant a downward variance in this case.

The nature and circumstances of the offenses in this case also do not warrant a downward variance and support a sentence within the applicable guideline range. From May 2017 through March 2021, The Home Depot was defrauded of over $598,000 dollars by the defendant who

utilized at least 1,709 counterfeit driver's licenses to conduct 1,905 non-receipted returns. To accomplish this scheme the defendant went to great lengths, traveling to 20 different states, creating 1,709 different counterfeit temporary drivers' licenses, and stealing merchandise then returning the merchandise to the store. There is no doubt that his conduct was intentional, calculated, and impenitent. Defendant had thousands of instances in which he could have stopped his behavior and chose a new path, yet he chose to continue his criminal activity believing his scheme was full proof.

When fashioning the sentence in this case the Court must consider, amongst other things, the necessity of imposing a sentence that will reflect the seriousness of the offense, promote respect for the law and to provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). The offenses, though charged in only five-counts in the indictment, represent repeated felonious behavior of the defendant over the course of approximately four years. The egregious number of transactions, amount of money and merchandise stolen by the defendant, and lengths he went through to complete the scheme to evade law enforcement create extremely serious offenses. Furthermore, it is clear by the defendant's ongoing criminal activity while under supervision as well as his conduct throughout the litigation process in this case that he has little to no respect for the law by his outburst in court, his aggressive behavior toward his attorneys and the Court as well as his refusal to follow the Magistrate Judge and District Judge instructions throughout proceedings. A sentence below the guideline range in this case will not properly address these factors.

Due to the nature and circumstances and the history and characteristics of the defendant a sentence of within the guideline range of 87 to 108 months imprisonment will reflect the seriousness of the offense, promote a respect for the law, afford adequate deterrence and protect

the public. Therefore, the government respectfully requests that the court deny the motion for a downward variance, sentence the defendant within the guideline range and order the defendant to pay restitution of $598, 036.87 to The Home Depot.

                Respectfully submitted,

                Sayler A. Fleming
                United States Attorney

                */s/ Linda Lane*
                LINDA R. LANE, # 0011451IA
                Assistant United States Attorney
                111 South 10th Street, Room 20.333
                St. Louis, Missouri  63102
                (314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2022, the foregoing was filed electronically under seal with the Clerk of the Court and a copy was shown to the attorney for the defendant.

                                                 /s/ *Linda Lane*
                                               LINDA R. LANE, # 0011451IA
                                               Assistant United States Attorney