MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Eastern District of Missouri (St. Louis) |
|---|---|---|
| Name (under which you were convicted): Xavier Brown | RECEIVED | Docket or Case No.: 4:21-cr-00259-RLW-1 |
| Place of Confinement: USP Marion | MAR 08 2024 | Prisoner No.: 45301-509 |
| UNITED STATES OF AMERICA V. | BY MAIL | Movant (include name under which convicted) XAVIER BROWN |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court
   Eastern District of Missouri
   Eastern Division - St. Louis

   (b) Criminal docket or case number (if you know): 4:21-cr-00259-RLW-1

2. (a) Date of the judgment of conviction (if you know): 9/27/2022

   (b) Date of sentencing: 9/27/2022

3. Length of sentence: 108 Months

4. Nature of crime (all counts):

   Counts 1s-4s: Wire Fraud, in violation of 18 U.S.C. § 1343.
   Count 5s: Unauthorized Use of Counterfeit Access Devices, in violation of 18 U.S.C. § 1029(a)(2).

5. (a) What was your plea? (Check one)
   (1) Not guilty [✔]     (2) Guilty [ ]     (3) Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   Guilty on Counts 1s, 2s, 3s, 4s, and 5s of the Superseding Indictment.

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [✔]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [✔]   No [ ]

8. Did you appeal from the judgment of conviction?   Yes [✔]   No [ ]

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Fifth Circuit
   (b) Docket or case number (if you know): USCA Appeal Number: 22-3057
   (c) Result: Dismissed
   (d) Date of result (if you know): 12/9/2022
   (e) Citation to the case (if you know):
   (f) Grounds raised:
   Sentences and convictions.

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☑
       If "Yes," answer the following:
       (1) Docket or case number (if you know):
       (2) Result:

       (3) Date of result (if you know):
       (4) Citation to the case (if you know):
       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐  No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

        (4) Nature of the proceeding:
        (5) Grounds raised:

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

   Yes ☐  No ☐

 (7) Result: _____

 (8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

 (1) Name of court: _____

 (2) Docket of case number (if you know): _____

 (3) Date of filing (if you know): _____

 (4) Nature of the proceeding: _____

 (5) Grounds raised:

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

   Yes ☐  No ☐

 (7) Result: _____

 (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

 (1) First petition:  Yes ☐  No ☐

 (2) Second petition: Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**   Ineffective Assistance of Pretrial Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Pretrial counsel's failure to:
(1) Communicate with Brown and correctly inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial;
(2) File any substantive pretrial motions;
(3) Conduct an adequate and independent pretrial investigation; and
(4) Attempt to negotiate a favorable Plea Agreement deprived Brown of effective assistance of pretrial counsel under the Sixth Amendment of the Constitution of the United States.

A Memorandum of Law in Support if forthcoming.

(b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☑
   (2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☑
   (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐    No ☐
   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☐
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective Assistance of Trial Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel's failure to:
(1) Inform Brown of his strategy, any affirmative defenses and his theory of his defense;
(2) Subpoena and call defense witnesses on Brown's behalf to help prove his case; and
(3) Properly cross-examine government witnesses to challenge their reliability and credibility deprived Brown of effective assistance of trial counsel and a fair and reliable verdict.

A Memorandum of Law in Support if forthcoming.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:
Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** Ineffective Assistance of Sentencing Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Sentencing counsel's failure to:
(1) Review, discuss and explain the PSR to Brown prior to the sentencing hearing;
(2) File substantive objections to the PSR; and
(3) Argue for mitigation of punishment and object to Brown's sentence being substantively unreasonable deprived Brown of effective assistance of sentencing counsel and a fair and just sentence.

A Memorandum of Law in Support if forthcoming.

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☑

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**  Ineffective Assistance of Appellate Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate Counsel Failed to:
(1) Communicate with Brown regarding his direct appeal; and
(2) Permit Brown to participate in his appeal deprived Brown of effective assistance of appellate counsel and a fair and meaningful appellate review.

A Memorandum of Law in Support if forthcoming.

(b) **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel are not generally raised on direct appeal.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☑

  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ✔
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:
    Andrew J. Sottile, ANDREW J SOTTILE ATTORNEY AT LAW, 225 S. Meramec Ave., Ste 1100, Clayton, MO 63105

    (b) At the arraignment and plea:
    Andrew J. Sottile, ANDREW J SOTTILE ATTORNEY AT LAW, 225 S. Meramec Ave., Ste 1100, Clayton, MO 63105

    (c) At the trial:
    Andrew J. Sottile, ANDREW J SOTTILE ATTORNEY AT LAW, 225 S. Meramec Ave., Ste 1100, Clayton, MO 63105

    (d) At sentencing:
    Andrew J. Sottile, ANDREW J SOTTILE ATTORNEY AT LAW, 225 S. Meramec Ave., Ste 1100, Clayton, MO 63105

    (e) On appeal:
    Andrew J. Sottile, ANDREW J SOTTILE ATTORNEY AT LAW, 225 S. Meramec Ave., Ste 1100, Clayton, MO 63105

    (f) In any post-conviction proceeding:
    N/A

    (g) On appeal from any ruling against you in a post-conviction proceeding:
    N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ✔

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ✔

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
    N/A

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ✔

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
       (1)  the date on which the judgment of conviction became final;
       (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
       (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
       (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 13

Therefore, Brown respectfully requests that the Court grant the following relief:

    Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

                                  Respectfully submitted,

                                  Xavier Brown

                                XAVIER BROWN
                                REG. NO. 45301-509
                                USP MARION
                                U.S. PENITENTIARY
                                P.O. BOX 1000
                                MARION, IL 6295
                                Appearing *Pro Se*

## DECLARATION OF XAVIER BROWN

    I, Xavier Brown, declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).

                                  Xavier Brown

Dated: March __4__, 2024                             XAVIER BROWN