UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:21 CR 259 CDP |
| XAVIER BROWN, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before me on Xavier Brown's latest attempt to obtain duplicate copies of arrest warrants filed in this case. ECF 284. Brown sought these documents in connection with his § 2255 motion, and his request was denied. ECF 22 in Case Number 4:24 CV 360 CDP. As explained in the Memorandum and Order denying his § 2255 motion, Brown was provided copies of the documents during discovery in this case. ECF 25 in Case Number 4:24 CV 360 CDP. And as further explained in that Memorandum and Order, the documents he seeks do not entitle him to any sort of relief under § 2255 or otherwise. *Id.* at 17-19.

After I denied relief in his § 2255 motion, Brown then sought the documents again under the guise of "proving an official record." As he already had file-stamped copies of these documents and submitted them with his request, the Clerk

of the Court highlighted the file stamp indicating they were "official" and returned them.

Brown then filed a petition for writ of mandamus with the Eighth Circuit Court of Appeals demanding a ruling on his records request. ECF 276. I then denied his request on April 23, 2025, explaining that his cases were closed and his argument invoking Rule 27 of the Federal Rules of Criminal Procedure, which relates to the introduction of evidence at trial, was legally frivolous. ECF 278. The Eighth Circuit denied the petition for writ of mandamus on May 13, 2025, and the mandate issued the same day. ECF 279, 280.

Undeterred, Brown still seeks to "prove an official record" under Fed. R. Crim. P. 27, this time by filing a motion to alter or amend a judgment under Federal Rule of Civil Procedure Rule 59(e). Rule 59(e) does not apply in criminal cases and does not afford Brown the relief he seeks. Moreover, Brown has demonstrated no entitlement to relief under Rule 27, which governs the introduction of evidence *at trial*. As Brown is well aware, his trial is long over and his appeal was dismissed by the Eighth Circuit on December 9, 2022. ECF 235, 236 (mandate). This criminal case is over and Brown cannot resurrect it by continuing to file meritless motions.

For the avoidance of any doubt, this motion is denied as meritless because Brown already has file-stamped copies of the arrest warrants filed in this case as

2

ECF 14, 93, and 171 and there is nothing else the Court can provide to him in response to his request to "prove an official record" under Fed. R. Crim. P. 27. ECF 273.

Finally, to the extent the motion is construed liberally as one attempting to alter or amend the March 12, 2025 Judgment denying § 2255 relief in his civil case, 4: 24 CV 360 CDP, it is also denied as untimely filed.  *See* Fed. R. Civ. P. Rule 59(e) (motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to alter or amend judgment [284] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of May, 2025.

3